UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Josiah McTier, *pro se*,             :
                                     :
                Petitioner           :
                                     :         **SUMMARY ORDER**
        -against-                    :
                                     :         07-CV-870 (DLI)
People of the State of New York,     :
                                     :
                Respondent.          :
----------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

The facts underlying this matter were discussed at length in the court's March 23, 2009 Opinion & Order, *McTier v. New York*, 2009 WL 792087 (E.D.N.Y. Mar. 23, 2009) ("Habeas Denial"), denying Mr. McTier's petition for a writ of habeas corpus. (Docket Entry 9.) As such, the parties' familiarity with the background of this case is presumed. The facts are repeated here only to the extent they are relevant to the instant motion seeking vacature of this court's Habeas Denial pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the motion is denied.

## DISCUSSION

I. Standard of Review for a Rule 60 (b) Motion

Under Rule 60 (b) of the Federal Rules of Civil Procedure, the court may relieve parties from final judgments, orders, or proceedings for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

1

> judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60 (b).

A motion for reconsideration under Rule 60(b) is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd,* 501 U.S. 115 (1991). Specifically, "a movant must establish that the Court overlooked controlling decisions or factual matters that were put before the Court." *Rodriguez v. Keane*, 2003 WL 21673624, at *1 (W.D.N.Y. July 16, 2003) (citing *Chan v. Reno*, 6 F. Supp. 2d 273, 274-75 (S.D.N.Y. 1998)). Thus, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Furthermore, a party seeking relief under Rule 60(b)(6) "for any other reason" is required to show "extraordinary circumstances" justifying the reopening of a final judgment and "[s]uch circumstances will rarely occur in the habeas context." *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005). To prevail on a motion for reconsideration under Rule 60(b), the movant must satisfy a heavy burden, and although "a pro se litigant 'should not be impaired by harsh application of technical rules,' he is not excused from producing 'highly convincing evidence in support of his motion to vacate a final judgment.'" *Rodriguez*, 2003 WL 21673624 at *1.

II. Analysis

In his petition for habeas relief, petitioner argued that the prosecutor committed misconduct by introducing certain testimony from Dr. Portereiko about the victim's medical condition. Petitioner argued that Dr. Portereiko's testimony was false because Tubens' mother

2

had informed police that her son had regained consciousness while he was in the hospital. In the Habeas Denial, this court held that habeas corpus relief was unwarranted because the "inconsistency" between Dr. Portoreiko's testimony and Tubens' mother's statements to police "alone d[id] not amount to perjury." *McTier*, 2009 WL 792087, at *11.

A witness commits perjury by offering "false testimony concerning a material matter with the willful intent to provide false testimony . . . ." *United States v. Monteleone*, 257 F.3d 210, 219 (2d. Cir. 2001). Thus, to commit the crime of perjury the witness must (1) provide false testimony, and (2) have the willful intent to provide that false testimony. In the Habeas Denial, which the petitioner is seeking to vacate, the court analyzed the threshold issue, *i.e.*, whether false testimony was introduced. *See McTier*, 2009 WL 792087, at *11. Finding the statements to be merely inconsistent, the court readily determined that no perjury had occurred, without reaching the element of intent. *Id.* Although the court did not explicitly state that the inconsistency did not amount to false testimony, that conclusion was implicit in the court's conclusion that no perjury had occurred.

In seeking reconsideration of that ruling, petitioner now argues that the court should have analyzed his claim of prosecutorial misconduct under the four-prong standard of *Su v. Filion*, 335 F.3d 119 (2d Cir. 2003). (McTier Decl. ¶ 6, April 2, 2009.) Under the *Su* standard, the court must analyze the following four questions in order to determine whether a conviction should be set aside for the prosecution's knowing use false testimony: "(1) whether false testimony was introduced, (2) whether that testimony was or should have been known to the prosecution to be false, (3) whether the testimony went uncorrected, and (4) whether the false testimony was prejudicial . . . ." 335 F.3d at 127. As discussed above, although the court did not expressly

had informed police that her son had regained consciousness while he was in the hospital. In the Habeas Denial, this court held that habeas corpus relief was unwarranted because the "inconsistency" between Dr. Portoreiko's testimony and Tubens' mother's statements to police "alone d[id] not amount to perjury." *McTier*, 2009 WL 792087, at *11.

A witness commits perjury by offering "false testimony concerning a material matter with the willful intent to provide false testimony . . . ." *United States v. Monteleone*, 257 F.3d 210, 219 (2d. Cir. 2001). Thus, to commit the crime of perjury the witness must (1) provide false testimony, and (2) have the willful intent to provide that false testimony. In the Habeas Denial, which the petitioner is seeking to vacate, the court analyzed the threshold issue, *i.e.*, whether false testimony was introduced. *See McTier*, 2009 WL 792087, at *11. Finding the statements to be merely inconsistent, the court readily determined that no perjury had occurred, without reaching the element of intent. *Id.* Although the court did not explicitly state that the inconsistency did not amount to false testimony, that conclusion was implicit in the court's conclusion that no perjury had occurred.

In seeking reconsideration of that ruling, petitioner now argues that the court should have analyzed his claim of prosecutorial misconduct under the four-prong standard of *Su v. Filion*, 335 F.3d 119 (2d Cir. 2003). (McTier Decl. ¶ 6, April 2, 2009.) Under the *Su* standard, the court must analyze the following four questions in order to determine whether a conviction should be set aside for the prosecution's knowing use false testimony: "(1) whether false testimony was introduced, (2) whether that testimony was or should have been known to the prosecution to be false, (3) whether the testimony went uncorrected, and (4) whether the false testimony was prejudicial . . . ." 335 F.3d at 127. As discussed above, although the court did not expressly

mention the *Su* standard, the court nevertheless determined that false testimony was not introduced.

As a result, petitioner fails to satisfy the heavy burden of a Rule 60(b) motion because he does not present any controlling case law or data, which the court overlooked that would have altered the court's conclusion. Petitioner's argument that the court erred by overlooking the *Su* standard fails since the first prong of the *Su* standard, whether false testimony was introduced, is identical to the first element of perjury.

## CONCLUSION

For the reasons set forth above, Petitioner's motion pursuant to Rule 60(b)(1) and (6) to vacate the judgment denying his habeas corpus petition is denied in its entirety. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


DATED:	Brooklyn, New York
	March 17, 2010

	_____/s/_____
	DORA L. IRIZARRY
	United States District Judge